IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILLIP MCADOO,<br><br>   Plaintiff,<br><br>v.<br><br>THE METROPOLITAN ATLANTA TRANSIT AUTHORITY, THE MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN, and THE MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN ALLOWANCE COMMITTEE,<br><br>   Defendants. | CIVIL ACTION FILE NO.<br><br>1:16-cv-734-WSD-JKL |

## **NON-FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Metropolitan Atlanta Transit Authority's [1] ("MARTA") motion to dismiss or, in the alternative, motion for partial summary judgment. [Doc. 14.] MARTA essentially argues that the allegations against it in McAdoo's complaint are beyond the scope of his Equal Employment Opportunity Commission ("EEOC") complaint, and therefore are

---

[1] The party's correct, full name is the Metropolitan Atlanta *Rapid* Transit Authority. [*See* Doc. 14-1 at 1.]

due to be dismissed. [*See* Doc. 14-1 at 2.] For the reasons discussed herein, I **RECOMMEND** that the Defendant's motion be **GRANTED**.

I. **Procedural history and facts**

On March 7, 2016, Plaintiff Phillip McAdoo filed a complaint against MARTA and two other Defendants, the MARTA/ATU Local 732 Employees Retirement Plan and the MARTA/ATU Local 732 Employees Retirement Plan Allowance Committee (collectively "the Plan Defendants"). [Doc. 1.] Before any Defendant filed an answer, McAdoo filed an amended complaint on May 2, 2016. [Doc. 2.]

A. **McAdoo's first amended complaint**

In his first amended complaint (hereinafter "the complaint"), as relevant to the instant motion, McAdoo alleged that he worked for MARTA from January 1988 through October 2010. [Doc. 2 ¶¶ 12-13.] He further alleged that he was a disabled individual under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act while he was working for MARTA. [*Id.* ¶ 16.] McAdoo alleged that he became disabled on October 17, 2010, when he advised MARTA that he could not work in the same position without a reasonable accommodation, including retraining. [*Id.* ¶ 30.] He further alleged that MARTA refused to

2

provide him with retraining despite having retrained non-disabled employees and having no legitimate reason to deny McAdoo's request.  [*Id.* ¶¶ 31-34.]

In Count I, McAdoo asserted an ADA claim.  [Doc. 2 at ¶¶ 36-38.]  As relevant to this motion, he alleged that MARTA violated the ADA in failing to provide him with a reasonable accommodation or training.  [*Id.* ¶ 38.]  McAdoo made the same allegation against MARTA in Count II under the Rehabilitation Act.  [*Id.* ¶ 41.]

### B.     McAdoo's EEOC charge

The EEOC received McAdoo's charge of discrimination on November 18, 2015.  [Doc. 14-2.]  McAdoo filed the charge against the "MARTA/ATU Local 732 Employees Retirement Plan."  [*Id.* at 1.]  He alleged that the discrimination took place on September 17, 2015.  [*Id.*]  In the narrative portion of the charge, McAdoo wrote:

> I was an employee for the above named company and a member of the union for over twenty (20) years until I suffered an on the job injury.  On or about October 9, 2012, I was terminated while under the care of my physician from the injury.  On September 25, 2014, I was awarded full pension entitlement.  On September 17, 2015, I was denied full entitlements.
>
> The Retirement Pension Plan stated the reason for denial was that I was only eligible for 18 months of

retirement service credit spent on workman's compensation.

I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

[*Id.*]

The EEOC sent its notice of the discrimination charge to one of the Plan Defendants. [Doc. 14-2 at 2.]

## II. MARTA's motion will be construed as a motion for judgment on the pleadings under Rule 12(c).

MARTA does not specify the Rule under which it believes McAdoo's complaint should be dismissed. [*See* Doc. 14.] I find it necessary to note, however, that the motion should be evaluated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), because MARTA has already filed an answer in this case. [*See* Doc. 6]; *see also* Fed. R. Civ. P. 12(h)(2)(B); *Whitehurst v. Wal-Mart Stores E., L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008) ("A party's Rule 12(b)(6) motion to dismiss for failure to state a claim is a nullity if the party filed that motion after raising the defense for failure to state a claim in its answer . . . . But the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c).")

4

MARTA also moves in the alternative for summary judgment. [*See* Doc. 14.] While not explicitly argued, MARTA appears to be asking for summary judgment should the Court find it necessary to consider McAdoo's EEOC charge of discrimination. [*See* Doc. 14-1 at 4-6.] Rule 12(d) provides that when considering a motion brought under 12(b)(6) or 12(c), a court ordinarily may not consider matters outside the pleadings without converting the motion to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The court does not need to convert the motion, however, to consider a document attached to a motion to dismiss if the document is central to the plaintiff's claim and its authenticity is not challenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). McAdoo's EEOC charge meets this standard, and I will consider it without converting MARTA's motion to one for summary judgment. *See Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013); *Banks v. Ackerman Sec. Sys., Inc.*, No. 1:09-cv-229-CC, 2009 WL 974242, at *1 n.2 (N.D. Ga. Apr. 10, 2009).

### A.   Standard applicable to Rule 12(c) motions

A motion for judgment on the pleadings is subject to the same legal standards as a Rule 12(b)(6) motion to dismiss. *Roma Outdoor Creations, Inc. v.*

5

*City of Cumming, Ga.*, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008). On a motion for judgment on the pleadings, all well-pleaded facts alleged in the complaint are to be accepted as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint. *See Chandler v. Cronic*, No. 2:08-CV-0154-RWS, 2009 WL 3158181, at *1 n.2 (N.D. Ga. Sept. 23, 2009) (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)); *see also Johnson v. Midland Funding, LLC*, 823 F.3d 1334, 1337 (11th Cir.), *cert. granted*, (U.S. Oct. 11, 2016) ("Judgment on the pleadings is appropriate 'when no issues of material fact exist, and the movant is entitled to judgment as a matter of law.'") (quoting *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)).

### III. Discussion

#### A. The parties' arguments

MARTA argues that the allegations against it in McAdoo's complaint are beyond the scope of McAdoo's EEOC charge. [Doc. 14-1 at 2.] MARTA highlights the facts that it was not directly named on the face of the EEOC charge, no notice of the charge was ever sent to MARTA, and that the discrimination alleged was the denial of full entitlements under McAdoo's retirement plan. [*Id.*

6

at 2-3.]  As a result, the allegation that MARTA failed to provide McAdoo with a reasonable accommodation was never investigated by the EEOC.  [*Id.* at 3-4.]

McAdoo responds that his claims concerning MARTA are inextricably intertwined with the allegations on the face of the EEOC charge.  [Doc. 17 at 7-8.]  Specifically, McAdoo referred to his allegation of employment with "the above named company" and his assertion that he was discriminated against under the ADA as evidence that he was alleging discrimination by MARTA.  [*Id.* at 8.]  Further, he argues that his allegation that he was denied his "full entitlements" encompasses the denial of a reasonable accommodation.  [*Id.*]  McAdoo also argues that MARTA has not shown any prejudice from not being named on the face of the EEOC charge.  [*Id.* at 9-10.]  McAdoo asserts that he submitted documentation to the EEOC that supported a failure to train claim.  [*Id.* at 8-9.]  The additional documentation was a one page summary of the Urban Mass Transportation Act of 1964, prepared by the Wisconsin Urban and Rural Transit Association Legislative Committee.  [Doc. 17-1.]

MARTA replies that McAdoo's response greatly expands the scope of the face of the EEOC charge.  [Doc. 18 at 1-2.]  It argues that "full entitlements" refers to the retirement plan, especially in light of the fact that the only date of

alleged discrimination was the date that McAdoo's retirement benefits were allegedly denied. [*Id.* at 2.] MARTA argues that the claims against it are too different from the face of the EEOC charge to be covered by liberal pleading standards. [*See id.* at 2-6.]

**B.  McAdoo's claims against MARTA for failure to accommodate are beyond the scope of his EEOC charge, which exclusively alleged that the Plan Defendants denied certain retirement benefits.**

### 1. Administrative exhaustion under the ADA

The enforcement provisions governing Title VII claims, including those concerning exhaustion, apply with equal force to claims under the Rehabilitation Act and the ADA must be exhausted in the same manner prescribed for Title VII claims. *See* 42 U.S.C. §§ 2000e-5(e) & 12117; *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285-86 (2002); *M.T.V. v. DeKalb Cty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006).

Under Title VII, a plaintiff must exhaust his administrative remedies before filing a private civil action. This includes filing a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *see Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).

8

A claim is only exhausted if it is within the scope of the administrative review, limited to that "which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) ("[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.")). The scope of the administrative complaint, however, should not be strictly interpreted, as the Court should be reluctant to allow a procedural technicality to bar a Title VII claim. *Gregory*, 355 F.3d at 1280.

Generally, a plaintiff may not bring a claim against a party that was not named in the EEOC charge. 42 U.S.C. § 2000e-5(f)(1) (providing that, if the EEOC does not file suit, the plaintiff may bring "a civil action . . . against the respondent named in the charge"); *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) ("Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action."). Courts have liberally construed this requirement, however, and the Court in *Virgo* provided a list of five factors that should be considered before finding a suit unexhausted against a party not

named in the complaint: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed party received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.  30 F.3d at 1358.  It is also proper to consider the scope of the investigation that would reasonably grow out of the EEOC charge as written.  *See Hamm v. Members of Bd. of Regents of Fla.*, 708 F.2d 647, 650 (11th Cir. 1983).

### 2. **MARTA was not named in the EEOC charge.**

McAdoo argues that it is clear from the face of the EEOC charge that McAdoo named MARTA because he referred to the fact that he was an employee of the named company and that he was "denied full entitlements."  [*See* Doc. 17 at 7-8.]  I do not find this argument persuasive.

McAdoo does not dispute that the name of the entity that he filed the charge against was that of his retirement plan, and not MARTA.  The title of his retirement plan includes the name "MARTA."  But, the mere statement that

McAdoo worked for the "above named company," does not make explicit any intent to charge MARTA with discrimination.  Likewise, the allegation that McAdoo was "denied full entitlements" does not make explicit or implicit any allegation against MARTA in the context of the charge.  In the sentence before McAdoo alleged that a September 2015 decision denied him "full entitlements," he alleged that a September 2014 decision "awarded [him] full pension entitlement."  [*See* Doc. 14-2 at 1.]  The suggestion that the phrase "full entitlements" means more than McAdoo's entitlements under his pension or his retirement plan is unpersuasive, even under liberal pleading standards.

I also find it unpersuasive that the submission of a Wisconsin policy summary to the EEOC made it clear that McAdoo was charging discrimination against MARTA.  Accordingly, I decline to find that the EEOC charge actually named MARTA as a respondent.

> **3.   This case does not warrant an exception to the rule that a plaintiff can only sue a party named in the EEOC charge, because McAdoo's claims against MARTA are beyond the scope of any reasonable investigation into the claims contained in the charge.**

Beyond arguing that the EEOC charge named MARTA, McAdoo makes two additional arguments as to why he should be able to maintain his claims

against MARTA.  He argues that: (1) MARTA should be unable to challenge the suit against it if it received actual or constructive notice of the EEOC charge, [*see* Doc. 17 at 9-10]; and (2) an investigation into his EEOC charge would have reasonably encompassed the facts necessary to maintain his ADA and Rehabilitation Act claims against MARTA, [*See* Doc. 17 at 8-9].  I reject both arguments.

Notice is one of the factors that should be considered in deciding whether to allow a suit.  *See Virgo*, 30 F.3d at 1358.  But, the inclusion of notice on a list of factors suggests that the mere fact of notice cannot automatically satisfy the exhaustion requirement.  McAdoo cites to no authority for the proposition that MARTA should be precluded from raising such a challenge other than citing to the general proposition that the exhaustion requirement is subject to waiver and estoppel.  [*See* Doc. 17 at 10.]

I do not find it necessary to consider whether MARTA received notice—or whether any other factor favors its inclusion in the suit—because I readily conclude that the substance of the lawsuit against MARTA is beyond the scope of the substance of the EEOC charge.  As discussed above, the context of McAdoo's EEOC charge makes clear that he was complaining about the handling of his

12

retirement benefits. Not only did McAdoo explicitly refer to his pension benefits and the Plan Defendants' denial of those benefits, he also alleged that the entirety of the discrimination took place on September 17, 2015. [*See* Doc. 14-2 at 1.] In his complaint, McAdoo alleged that MARTA's failure to accommodate him occurred in October 2010. [Doc. 2 ¶¶ 30-31.]

McAdoo presents no non-conclusory argument as to why an investigation into the denial of pension benefits by a retirement plan would reasonably lead to an investigation into whether his employer should have offered him training five years earlier. I do not find a compelling reason to think that the investigation would have reached so far. Accordingly, as all of the allegations against MARTA are beyond the factual scope of the EEOC charge, it is proper to dismiss those claims. *See Hamm*, 708 F.2d at 650.

### C. Even if within the scope of McAdoo's allegations, any claim that MARTA failed to properly accommodate McAdoo in 2010 was not timely presented to the EEOC.

While MARTA does not address this, I find that the suit against MARTA is untenable for a more basic reason than those discussed above. Namely, the allegations against MARTA cannot have been part of a timely EEOC charge of discrimination.

13

In Georgia, a plaintiff must file a charge of discrimination within 180 days of the adverse employment action challenged in the claim. 42 U.S.C. § 2000e-5(e)(1); *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003); *see also Wilkerson*, 270 F.3d at 1317 ("For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act."). Addressing the issue of timeliness of an administrative charge, the Supreme Court has since held, however, that each discriminatory act, even if similarly motivated, "starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

As discussed above, McAdoo alleges in his complaint that MARTA failed to honor his request for retraining or another accommodation in October 2010. [*See* Doc. 2 ¶¶ 30-31.] His charge of discrimination was presented to the EEOC in November 2015, well more than 180 days after the alleged conduct. [*See* Doc. 14-2.] There is no persuasive argument that the denial of retirement benefits was a continuing violation such that McAdoo could allege conduct more than 180 days prior to the EEOC charge. *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (explaining that a continuing violation requires that the violation complained of actually continues until a timely date, not merely that

a consequence of that violation is still present at the later date). The alleged denial of an accommodation was a discrete, one-time occurrence and did not continue through any dispute over McAdoo's dispute regarding pension benefits. Moreover, an argument that there was a continuing violation would be particularly untenable in light of the fact the alleged 2015 discrimination was committed by a different entity than the alleged 2010 discrimination. Accordingly, even if fully detailed on the face of the EEOC charge, McAdoo's claims against MARTA were not timely presented to the EEOC, and are due to be dismissed.

### IV. Conclusion

In light of the above I **RECOMMEND** that MARTA's motion to dismiss [Doc. 14] be **GRANTED**, and MARTA **DISMISSED** from the case.

IT IS SO RECOMMENDED this 7th day of December, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge