IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILLIP MCADOO,<br><br>             **Plaintiff,**<br><br>      v.<br><br>THE METROPOLITAN ATLANTA TRANSIT AUTHORITY, THE MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN, and THE MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN ALLOWANCE COMMITTEE,<br><br>             **Defendants.** | 1:16-cv-734-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Non-Final Report and Recommendation [24] ("R&R"). The R&R recommends the Court grant Defendant Metropolitan Atlanta Transit Authority's[1] ("MARTA") Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment

---

[1] The party's correct, full name is the Metropolitan Atlanta Rapid Transit Authority. ([14.1] at 1).

[14] ("Motion"). Also before the Court are Plaintiff Phillip McAdoo's ("Plaintiff") Objections to the R&R [29].

**I.   BACKGROUND**

    A.    Facts[2]

On March 7, 2016, Plaintiff Phillip McAdoo filed his complaint [1] against MARTA and two other Defendants, the MARTA/ATU Local 732 Employees Retirement Plan and the MARTA/ATU Local 732 Employees Retirement Plan Allowance Committee (collectively "the Plan Defendants"). On May 2, 2016, Plaintiff filed his Amended Complaint [2]. MARTA argues that Plaintiff's allegations against it are beyond the scope of his Equal Employment Opportunity Commission ("EEOC") charge, and are therefore required to be dismissed. ([14.1] at 2).

        1.    First Amended Complaint

In his Amended Complaint, Plaintiff alleges that he worked for MARTA from January 1988 through October 2010. ([2] ¶¶ 12-13). He further alleges that, while he worked for MARTA, he was a disabled individual under the Americans

---

[2]    The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

with Disabilities Act ("ADA") and the Rehabilitation Act.  (Id. ¶ 16).  Plaintiff alleges that, on October 17, 2010, he became disabled, and he advised MARTA that he could not work in the same position without a reasonable accommodation, including retraining.  (Id. ¶ 30).  He further alleges that MARTA refused to provide him with retraining despite having retrained non-disabled employees and having no legitimate reason to deny Plaintiff's request.  (Id. ¶¶ 31-34).  Plaintiff alleges that MARTA violated the ADA and the Rehabilitation Act by failing to provide him with a reasonable accommodation or training.  (Id. ¶¶ 38, 41).

### 2.     Plaintiff's EEOC Charge

On November 18, 2015, the EEOC received Plaintiff's charge of discrimination.  ([14.2]).  Plaintiff filed the charge against the "MARTA/ATU Local 732 Employees Retirement Plan."  (Id. at 1).  He alleged that the discrimination took place on September 17, 2015.  (Id.).  In the narrative portion of the charge, McAdoo wrote:

> I was an employee for the above named company and a member of the union for over twenty (20) years until I suffered an on the job injury. On or about October 9, 2012, I was terminated while under the care of my physician from the injury. On September 25, 2014, I was awarded full pension entitlement. On September 17, 2015, I was denied full entitlements.
>
> The Retirement Pension Plan stated the reason for denial was that I was only eligible for 18 months of retirement service credit spent on workman's compensation.

> I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended

(Id.). The EEOC sent its notice of the discrimination charge to one of the Plan Defendants. (Id. at 2).

B.  R&R and Objections

On December 7, 2016, the Magistrate Judge issued his R&R. The Magistrate Judge first determined that MARTA's motion should be construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), because MARTA filed an answer in this case. The Magistrate Judge next determined that Plaintiff's claims against MARTA for failure to accommodate are beyond the scope of his EEOC charge, which exclusively alleged that the Plan Defendants denied certain retirement benefits. The Magistrate Judge also noted that Plaintiff's EEOC charge did not name MARTA as a respondent. The Magistrate Judge concluded that Plaintiff's claims against MARTA are beyond the scope of any reasonable investigation into the claims contained in his charge, and that, even if it was within the scope, Plaintiff's claim was not timely presented to the EEOC. Accordingly, the Magistrate Judge recommends the Court grant MARTA's Motion.

On December 21, 2016, Plaintiff filed his Objections to the R&R.  Plaintiff argues (1) he has alleged sufficient facts required to maintain his causes of action against MARTA; (2) his EEOC Complaint was legally sufficient and the scope of it should be liberally construed to encompass his claims against MARTA; and (3) MARTA's failure to train continued through September 2015, and thus his EEOC Charge was timely.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Because Plaintiff objects to the R&R, the Court conducts its *de novo* review.

2.      Standard of Review on a Motion for Judgment on the Pleadings under Rule 12(c)

Under Subsections (c) and (h)(2)(B) of Rule 12, defendants who have answered a complaint may still challenge a plaintiff's pleadings on the basis that they fail to state a claim upon which relief may be granted.  Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss.  See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").[3]

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the

---

[3]    No party objects to, and the Court finds no plain error in, the Magistrate Judge's determination that MARTA's Motion should be construed as a motion for judgment on the pleadings under Rule 12(c).

allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard

has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 597 F. App'x 1015, 1017 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002))

B.  Analysis

To file a judicial complaint under Title VII, a plaintiff first must exhaust his administrative remedies by filing a "charge" of discrimination with the EEOC within 180 days of his termination. See, e.g., H&R Block E. Enters. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before suing under Title VII, a plaintiff must first

exhaust her administrative remedies.  To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." (citation omitted)).  "[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).[4]

Plaintiff's claims against MARTA fall outside the scope of the EEOC investigation which could reasonably be expected to grow out of his EEOC charge. The charge states:

> I was an employee for the above named company and a member of the union for over twenty (20) years until I suffered an on the job injury. On or about October 9, 2012, I was terminated while under the care of my physician from the injury. On September 25, 2014, I was awarded full pension entitlement. On September 17, 2015, I was denied full entitlements.
>
> The Retirement Pension Plan stated the reason for denial was that I was only eligible for 18 months of retirement service credit spent on workman's compensation.
>
> I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

([14.2]).  The charge alleged that the entirety of the discrimination Plaintiff suffered took place on September 17, 2015, the date he was denied "full entitlements."  Plaintiff's Amended Complaint, on the other hand, alleges that MARTA's failure to accommodate him occurred in October 2010.  ([2] ¶¶ 30-31).  The charge alleges that Plaintiff was discriminated against when the Plan Defendants denied him full pension entitlements.  Plaintiff's Amended Complaint alleges that MARTA failed to accommodate his disability by offering retraining or other reasonable accommodations in 2010.

Plaintiff also failed to name MARTA in the EEOC charge, further supporting that Plaintiff's claims against MARTA fall outside the scope of the EEOC charge.  In <u>Virgo v. Riviera Beach Associates, Ltd.</u>, 30 F.3d 1350 (11th Cir. 1994), the Eleventh Circuit addressed whether parties not named in EEOC charges may be sued in subsequent civil actions.  The Court stated:

> Ordinarily a party not named in the EEOC charge cannot be sued in a subsequent civil action.  This naming requirement serves to notify the charged party of the allegation and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII.  However, courts liberally construe this requirement.  Where the purposes of the act are fulfilled a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts.

<u>Virgo</u>, 30 F.3d at 1358-59 (citations omitted).  The <u>Virgo</u> Court continued, "In order to determine whether the purposes of Title VII are met, courts do not apply a

rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." Id. at 1359.

Plaintiff filed his charge against his retirement plan. The charge does not, explicitly or implicitly, indicate any intent to charge MARTA with, or implicate it in, any discrimination. As the Magistrate Judge noted, the mere fact that Plaintiff states he worked for MARTA does not indicate any allegation that MARTA was involved in wrongdoing, and, in context, it is clear that Plaintiff referred to "full pension entitlement" in referencing his denial of "full entitlements." In short, Plaintiff "presents no non-conclusory argument as to why an investigation into the denial of pension benefits by a retirement plan would reasonably lead to an investigation into whether his employer should have offered him training five years earlier." (R&R at 13). The Court finds Plaintiff's claims against MARTA were not like, related to, and did not grow out of, the EEOC investigation, and Plaintiff thus failed to exhaust his administrative remedies. See Gregory v. Georgia Dep't

of Human Resources, 355 F.3d 1277, 1289 (11th Cir. 2004).  Accordingly, MARTA's Motion is granted, and Plaintiff's claims against it are dismissed.

The Magistrate Judge also determined that, even if Plaintiff's claims against MARTA fall within the scope of his EEOC charge, Plaintiff's claims against MARTA were not timely presented to the EEOC.  A plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act.  H&R Block, 606 F.3d at 1295.  Plaintiff alleges that MARTA failed to honor his request for retraining or another accommodation in October 2010.  His November 2015 EEOC charge was filed years after MARTA's alleged misconduct.  Plaintiff argues that MARTA's failure to train continued through September 2015, and that his claims are thus timely.  Though a claim can be timely where there is continuous discrimination, Plaintiff's Amended Complaint does not support that any act of discrimination occurred within 180 days before September 2015.  See Beavers v. Am. Cast Iron Pipe Co., 975 F.2d 792, 796 (11th Cir. 1992) ("Where an employee charges an employer with continuously maintaining an illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice.").  Accordingly, MARTA's Motion is granted, and Plaintiff's claims against it are dismissed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Non-Final Report and Recommendation [24] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Phillip McAdoo's Objections to the R&R [29] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant MARTA's Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment [14], which the Court recharacterizes as a motion for judgment on the pleadings, is **GRANTED**. MARTA is **DISMISSED** from this action.

**SO ORDERED** this 10th day of March, 2017.

William S. Duffey

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE