# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PHILLIP MCADOO,<br><br>        **Plaintiff,**<br><br>v.<br><br>THE MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN and THE MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN ALLOWANCE COMMITTEE,<br><br>        **Defendants.** | 1:16-cv-734-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [35] ("R&R"). The R&R recommends the Court dismiss this action without prejudice.

## I. BACKGROUND

On January 25, 2017, the Magistrate Judge granted Plaintiff Phillip McAdoo's ("Plaintiff") counsel's motion to withdraw from the case. ([31] ("January 25th Order")). The Magistrate Judge informed Plaintiff that he had 21 days in which to advise the Court of the appointment of a new attorney or whether Plaintiff intends to proceed *pro se*. The January 25th Order required Plaintiff to

provide the new attorney's contact information or Plaintiff's contact information if he intends to proceed *pro se*. (Id. at 2). The Magistrate Judge advised Plaintiff that failure to comply with these requirements will "constitute a default" on his part. (Id.). The Magistrate Judge directed the clerk and counsel to serve the order on Plaintiff.

On February 2, 2017, Plaintiff filed his "Notice of Address" [32], in which he lists two addresses, a temporary address in Griffin, GA, and a permanent address in San Francisco. The Notice did not state whether Plaintiff intends to proceed *pro se*.

On March 10, 2017, the Magistrate Judge issued his R&R. The Magistrate Judge noted that more than 21 days passed since he issued his January 25th Order, and that Plaintiff did not comply with the January 25th Order. Accordingly, the Magistrate Judge recommends the Court dismiss this action without prejudice.

On March 10, 2017, Plaintiff filed his "Reply Notice of Deposition," in which he lists an address in San Francisco. On March 17, 2017, he filed another document listing an address in San Francisco, but also listing a "Best Contact @ temporary address" in Griffin, Georgia. Plaintiff also filed multiple "objections" to documents and to the Court's grant of Defendant MARTA's Motion to Dismiss. ([39], [41], [43]). He also filed a "Motion for Extension of Time to Answer

Motion Not to Dismiss," [44] despite that the Court has ruled on MARTA's Motion to Dismiss.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Though Plaintiff does not specifically object to the R&R, the Court, in its discretion, conducts its *de novo* review.

### B. Analysis

Local Rule 83.1(E)(4) provides:

Whenever an attorney withdraws or dies or is removed or suspended or for any other reason ceases to act as attorney of record, the party whom the attorney was representing must within twenty-one (21) days or before any further proceedings are had in the action before the

> court notify the clerk of the appointment of another attorney or of the party's decision to appear *pro se*. The party must also provide the clerk with the current telephone number and address of the newly-appointed attorney or of the party, if proceeding *pro se*. Failure to comply with this rule shall constitute a default by the party.

L.R. 83.1(E)(4).

Here, Plaintiff did not inform the Court whether he intends to proceed *pro se* in this matter. Dismissal under Local Rule 83.1 is thus warranted. However, that Plaintiff provided his address and then made multiple *pro se* filings in this action supports that he does, in fact, intend to proceed *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). The Court, in its discretion, will allow Plaintiff a final opportunity to inform the Court whether he intends to proceed *pro se*. The Court also notes that Plaintiff has provided the Court two separate addresses, and it is unclear to which address the clerk's office should send documents filed in this action. Accordingly, Plaintiff shall, on or before May 12, 2017, provide the Court the following: (1) a statement indicating whether he intends to proceed *pro se* in this matter and (2) a single address to which the clerk's office will send filings in this matter. If Plaintiff subsequently changes the address to which he wants mailings sent, he must file a notice of change of address seven calendar days before he wants the change of address to go into effect. Plaintiff is cautioned that a

failure to provide this address and change notice which delays or otherwise adversely affects the management of this case shall constitute grounds for dismissal of this action without prejudice. L.R. 41.2(B). Plaintiff is also cautioned that failure to comply with this Order will result in dismissal of this action for failure to comply with a lawful order of the Court. L.R. 41.3(A)(2).[1]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [35] is **NOT ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [43] to the Magistrate Judge's R&R on MARTA's Motion to Dismiss and his "Motion for Enlargement of Time to Answer Motion Not to Dismiss" [44] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff shall, on or before May 12, 2017, provide the Court the following: (1) a statement indicating whether he intends to proceed *pro se* in this matter and (2) a single address to which the

---

[1] Because the Court has already ruled on MARTA's Motion to Dismiss, Plaintiff's Objection [43] to the Magistrate Judge's R&R on MARTA's Motion to Dismiss and his "Motion for Enlargement of Time to Answer Motion Not to Dismiss" [44] are denied as moot.

5

clerk's office will send filings in this matter.  If Plaintiff subsequently changes the address to which he wants mailings sent, he must file a notice of change of address seven calendar days before he wants the change of address to go into effect.  Plaintiff is cautioned that a failure to provide this address and change notice which delays or otherwise adversely affects the management of this case shall constitute grounds for dismissal of this action without prejudice.  L.R. 41.2(B).

**IT IS FURTHER ORDERED** that failure to comply with this Order will result in dismissal of this action for failure to comply with a lawful order of the Court.  L.R. 41.3(A)(2).

The Clerk of Court is **DIRECTED** to send this Order to Plaintiff at the following addresses:  (1) 1388 Haight St. #213, San Francisco, CA 94117; and (2) 225 Ella Circle, Griffin, GA 30223.

**SO ORDERED** this 26th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE